UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

ROBERT PANN,

         Plaintiff,         Case No. 1:22-cv-648

v.         Honorable Phillip J. Green

UNKNOWN HAMMER,

         Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff previously sought (ECF No. 2) and was granted leave to proceed *in forma pauperis* (ECF No. 5). Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendant(s) is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ."

2

28 U.S.C. § 636(c). Because the named Defendant has not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way that they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to the action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss, for failure to state a claim, Plaintiff's claims under 42 U.S.C. §§ 1981 and 1985, and claims regarding the violation of the MDOC's

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

policies. Plaintiff's First Amendment retaliation claim against Defendant Hammer remains in the case.

## Discussion

### I.  Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues DRF Sergeant Unknown Hammer. (Compl., ECF No. 1, PageID.1.)

In Plaintiff's complaint, he states that in May, presumably of 2022, the entrance to the DRF dining room was moved and the number of serving lines went from two lines to one line. (*Id.*, PageID.2.) Because there was only one serving line, the dining room staff, typically a sergeant, would call "only one floor's side at a time." (*Id.*) On May 8, 2022, Defendant Hammer called Plaintiff's entire wing, and Plaintiff "was the 40th person in line outside the chow hall." (*Id.*, PageID.3.) Plaintiff entered the dining room, approached Defendant Hammer, who was sitting on a table, and asked "why he was calling 900 Unit's complete A-wing for dinner." (*Id.*) Defendant Hammer responded, "stand right there." (*Id.*) Plaintiff complied, and a few minutes later, two officers handcuffed Plaintiff and took him to administrative segregation. (*Id.*)

Five hours later, Defendant Hammer released Plaintiff from segregation, "informing Plaintiff [that] next time he wanted to question [Defendant's] authority to do it somewhere else." (*Id.*) Approximately one hour later, Defendant Hammer called

4

Plaintiff out of his cell, and "Plaintiff tried to explain he has back problems, [and] knee an[d] hip pain.  Standing for any length of time hurts.  Being forced to stand outside the dining hall for 10 minutes and another 10 minutes inside is hard on Plaintiff."  (*Id.*)  Plaintiff claims that Defendant Hammer indicated that he understood and would not write a ticket, explaining that "his back hurts too," which is why he sits on the table. (*Id.*)  The next day, Plaintiff received a class II misconduct ticket for insolence from Defendant Hammer. (*Id.*)  Subsequently, Plaintiff was found not guilty of this misconduct charge. (*Id.*, PageID.3–4.)

Based on the foregoing allegations, Plaintiff avers that Defendant Hammer violated his rights under the First Amendment to be free from retaliation and under 42 U.S.C. §§ 1981 and 1985. (*See id.*, PageID.1, 4.)  Liberally construing Plaintiff's complaint, as the Court is required to do, Plaintiff appears to allege that Defendant Hammer also violated the MDOC's policies. (*See id.*, PageID.4.)  As relief, Plaintiff seeks compensatory and punitive damages. (*Id.*, PageID.4–5.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that

5

is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. First Amendment Retaliation Claim

Plaintiff alleges that Defendant Hammer violated his First Amendment rights by retaliating against him. (*See* Compl., ECF No. 1, PageID.1.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

#### 1. Protected Conduct

With respect to the first element of a First Amendment retaliation claim, an inmate has a right to file "non-frivolous" grievances against prison officials on his own behalf, whether written or oral. *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018); *Mack v. Warden Loretto FCI*, 839 F.3d 286, 298–99 (3d Cir. 2016) ("[The prisoner's] oral grievance to [the prison officer] regarding the anti-Muslim harassment he endured at work constitutes protected activity under the First Amendment."); *Pearson v. Welborn*, 471 F.3d 732, 741 (7th Cir. 2006) ("[W]e decline to hold that legitimate complaints lose their protected status simply because they are spoken.");

7

*see also Pasley v. Conerly*, 345 F. App'x 981, 984–85 (6th Cir. 2009) (finding that a prisoner engaged in protected conduct by *threatening* to file a grievance). "Nothing in the First Amendment itself suggests that the right to petition for redress of grievances only attaches when the petitioning takes a specific form." *Holzemer v. City of Memphis*, 621 F.3d 512, 521 (6th Cir. 2010) (quoting *Pearson*, 471 F.3d at 741) (finding that a conversation constituted protected petitioning activity).

Here, Plaintiff alleges that on May 8, 2022, Defendant Hammer called Plaintiff's entire wing for dinner when, due to changes in the operation of the dining room, officers typically called only one side of each floor at a time for meals. (Compl., ECF No. 1, PageID.3.) Plaintiff entered the dining room and asked Defendant Hammer "why he was calling 900 Unit's complete A-wing for dinner." (*Id.*) Taking Plaintiff's allegations as true, as the Court must do for screening purposes, Plaintiff's complaint sufficiently raises an inference that he was making an oral complaint about the service of meals. Therefore, at this stage of the proceedings, Plaintiff has alleged sufficient facts to suggest that he was engaged in protected conduct for purposes of his First Amendment claim.[2]

---

[2] The Court recognizes that being disrespectful to staff members is not protected conduct. *See Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (finding that a prisoner's act of calling the hearing officer a "foul and corrupt bitch" was not protected behavior because such behavior fell within the definition of "insolence" under MDOC Policy Directive 03.03.105 Attach. C); *see also Caffey v. Maue*, 679 F. App'x 487 (7th Cir. 2017) (holding that an inmate calling guards unprofessional was a challenge to the guards' authority that was not protected by the First Amendment). Plaintiff's allegations, however, suggest that he was making an oral complaint about the service of meals, rather than being insolent. Indeed, Plaintiff states that he was subsequently found not guilty of the insolence misconduct charge that Defendant Hammer had issued Plaintiff.

8

### 2. Adverse Action

To establish the second element of a retaliation claim, a prisoner-plaintiff must show adverse action by a prison official sufficient to deter a person of ordinary firmness from exercising his constitutional rights. *Thaddeus-X*, 175 F.3d at 396. The adverseness inquiry is an objective one and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendant's conduct is "*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence. *Bell*, 308 F.3d at 606 (6th Cir. 2002).

The Sixth Circuit has held that "restricting a prisoner's housing by placing him in administrative segregation constitutes an adverse action." *Hill*, 630 F3d at 474. Further, the issuance of a misconduct charge can be considered an adverse action. *See Thomas v. Eby*, 481 F.3d 434, 441 (6th Cir. 2007) (discussing that the issuance of a misconduct ticket can "constitute[] an adverse action"); *see also Hill*, 630 F3d at 474 (holding that "actions that result in more restrictions and fewer privileges for prisoners are considered adverse"); *Scott v. Churchill*, 377 F.3d 565, 572 (6th Cir. 2004) ("[T]he mere potential threat of disciplinary sanctions is sufficiently adverse action to support a claim of retaliation."). Here, Plaintiff alleges that he was sent to administrative segregation and received a class II misconduct ticket for insolence, (Compl., ECF No. 1, PageID.3), both of which constitute adverse action.

### 3. Retaliatory Motive

To satisfy the third element of a retaliation claim, Plaintiff must allege facts that support an inference that the alleged adverse action was motivated by the protected conduct. In this action, the words that Plaintiff characterizes as protected

9

conduct are the very same words that Defendant Hammer reported to be insolent. Under these circumstances, assuming that Plaintiff's speech constitutes protected conduct, Plaintiff has alleged sufficient facts to state a First Amendment retaliation claim against Defendant Hammer.

### B. Claims Under 42 U.S.C. § 1981

In the introduction section of Plaintiff's complaint, he references § 1981; however, the complaint contains no further references to § 1981. (*See* Comp., ECF No. 1, PageID.1.)

Section 1981 prohibits intentional race discrimination in the making and enforcing of contracts involving both public and private actors and provides a cause of action for race-based employment discrimination. *See* 42 U.S.C. § 1981. In *Jett v. Dallas Independent School District*, 491 U.S. 701 (1989), the Supreme Court held that § 1981 does not itself provide a remedy against state actors. *Id.* at 731. Plaintiff's claims are against a state actor. And, regardless, Plaintiff fails to allege any *facts* showing that he was involved in the making or enforcing of contracts between public and private actors or that he faced race-based employment discrimination. Plaintiff therefore fails to state a claim under § 1981.

### C. Claims Under 42 U.S.C. § 1985

Plaintiff also references § 1985 in the introduction section of his complaint, but he does not make any further reference to § 1985 in the complaint. (*See* Compl., ECF No. 1, PageID.1.)

10

To maintain a cause of action for conspiracy under 42 U.S.C. § 1985(3),[3] a plaintiff must establish the following four elements: (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *See Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996) (citing *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994)); *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998). Moreover, the plaintiff must allege that there existed "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *See Kush v. Rutledge*, 460 U.S. 719, 726 (1983); *see also Collyer*, 98 F.3d at 233. Plaintiff's complaint is devoid of facts suggesting that Defendant's alleged actions were motivated by Plaintiff's membership in a distinct class. Therefore, Plaintiff's § 1985 claim will be dismissed.

---

[3] Subsections (1) and (2) of § 1985 do not apply. Subsection (1) is inapplicable because Plaintiff does not allege a conspiracy to interfere with federal officers in the performance of their duties. *See* 42 U.S.C. § 1985(1). The first clause of subsection (2) is also inapplicable because Plaintiff does not allege that Defendant conspired to influence parties, witnesses, or jurors in federal court proceedings. *See* 42 U.S.C. § 1985(2). In addition, the second clause of subsection (2) is inapplicable because Plaintiff does not allege that Defendant conspired to "interfere with due process in state courts with the intent to deprive persons of their equal protection rights." *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006).

### D. Claims Regarding Violations of the MDOC's Policies

Plaintiff implies that Defendant Hammer violated the MDOC's policies. (*See* Compl., ECF No. 1, PageID.4–5.) Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of prison policy. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).

Moreover, to demonstrate a violation of procedural due process, a plaintiff must prove the following elements: (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). Courts routinely have recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001). Thus, Plaintiff's allegation that Defendant Hammer violated prison policy fails to raise a cognizable federal claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's claims under 42 U.S.C. §§ 1981 and 1985, and claims regarding the violation of the MDOC's policies will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's First Amendment claim against Defendant Hammer remains in the case.

An order consistent with this opinion will be entered.

Dated:   October 26, 2022              /s/ Phillip J. Green
                                                                       PHILLIP J. GREEN
                                                                       United States Magistrate Judge